**Electronically Filed
Intermediate Court of Appeals
30510
09-MAY-2011
09:33 AM**

NO. 30510

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE ESTATE OF PAMELA ROSE CROSBY, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(PROBATE NO. 09-1-0013)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we do not
have jurisdiction over the appeal that Respondent-Appellant Henry
Chester Crosby, III (Appellant Henry Crosby III) has asserted
from the Honorable Elizabeth Strance's April 19, 2010 "Order
Affirming Intestacy of Decedent, Appointment of Personal
Respresentative and Transfer[r]ing Case Back to Informal

Intestacy Proceeding" (the April 19, 2010 order of intestacy and determination of heirs) because the April 19, 2010 order of intestacy and determination of heirs is not independently appealable pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) and Rule 34 of the Hawai'i Probate Rules (HPR).

HRS § 641-1(a)authorizes appeals from a probate court's final judgments, orders, or decrees, which "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HPR Rule 34 generally requires the entry of a judgment for an appeal:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>     (a) Entry of Judgment. <u>All</u> formal testacy orders, <u>orders of intestacy and determination of heirs</u>, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements <u>shall be reduced to judgment</u> and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.
>     (b) Interlocutory Orders. In order to appeal from <u>any other order</u> prior to the conclusion of the proceeding, the order <u>must be certified for appeal in accordance with Section 641-1(b)</u> of the Hawai'i Revised Statutes.
>     (c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, <u>a final judgment closing the proceeding shall be entered</u> and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>     (d) Appeals. <u>Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed</u> pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, <u>see</u>, <u>e.g.</u>, <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the

timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Michie's Hawaii Revised Statues Annotated Court Rules, HPR Rule 34 cmt. (Michie 2010). "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). Therefore, under HRS § 641-1 and HPR Rule 34, a probate court order of intestacy and determination of heirs is eligible for appellate review only if the probate court reduces the order to a separate and final judgment pursuant to HPR Rule 34(a).

On July 19, 2010, the appellate court clerk filed the record on appeal for Appeal No. 30510, at which time the record on appeal did not contain a final judgment pursuant to HPR Rule 34. Therefore, the April 19, 2010 order of intestacy and determination of heirs is not eligible for appellate review pursuant to HRS § 641-1(a) and HPR Rule 34.

Although common law exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine) and the collateral order doctrine, the April 19, 2010 order of intestacy and determination of heirs does not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three

requirements for appealability under the collateral order doctrine).

Absent an appealable judgment or an appealable order that satisfies the requirements for an appeal under HRS § 641-1(a) and HPR Rule 34, this appeal is premature and we lack appellate jurisdiction. Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 9, 2011.

Chief Judge

Associate Judge

Associate Judge